STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael W. FARRELL, Defendant-Appellant.†

Court of Appeals

*No. 98–1179–CR. Submitted on briefs February 15, 1999.—Decided April 21, 1999.*

(Also reported in 595 N.W.2d 64.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kevin M. Schram* of *Schram Law Office* of Beaver Dam.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Sandra L. Tarver,* assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J. Michael W. Farrell appeals from a judgment of conviction for armed burglary and first-degree armed sexual assault contrary to §§ 940.225(1)(b) and 943.10(1)(a), STATS., and an order denying his postconviction motion to withdraw his guilty pleas. Farrell contends that the circuit court developed a reason to doubt his competency at the time he entered his guilty pleas and should have made a nunc pro tunc evaluation to determine his competency at the time of his plea hearing before the court proceeded to sentence him on the basis of those pleas. Because Farrell has not presented evidence demonstrating that a manifest injustice will occur if he is not allowed to withdraw his pleas, we cannot agree with his argument and affirm the judgment and the order.

## BACKGROUND

On October 10, 1996, Farrell pled guilty to charges of armed burglary and first-degree armed sexual assault in violation of §§ 940.225(1)(b) and 943.10(1)(a), STATS. Farrell concedes that at the time, the court did not possess any reason to question his

competency. The plea hearing proceeded as follows. The prosecutor informed the court that Farrell intended to plead guilty or no contest to both charges. Farrell's counsel stated that his client's intent was to plead guilty. His counsel further informed the court:

> So, I'll be filing the plea questionnaire . . . . As well, your Honor, . . . more from an informational standpoint . . . is a recent evaluation that says my client is competent. We aren't raising that, but I file it with the Court, your Honor.

When the court proceeded to question Farrell about his pleas to both charges, he responded "guilty." Farrell affirmed that he had discussed and signed the guilty plea questionnaire presented to the court. Next, the court confirmed Farrell's understanding and awareness of the hearing's events.

THE COURT: Now, you have had an evaluation for mental or emotional problems; is that correct?

THE DEFENDANT: Yes, I have, your Honor.

THE COURT: Are there any problems that would exist from that situation today that would affect your ability to understand what's going on in Court?

THE DEFENDANT: No, sir, your Honor.

THE COURT: And have you had any alcohol or other intoxicants today?

THE DEFENDANT: No, I haven't, your Honor.

THE COURT: Have you taken any drugs or any type of medication today?

THE DEFENDANT: No, I haven't, your Honor.

450

THE COURT: Do you have any questions about what's happened in this case so far?

THE DEFENDANT: No, sir.

The court adjudged Farrell guilty of both charges and ordered a presentence investigation.

A few weeks later, Farrell wrote a letter to the court requesting that his pleas be changed to "not guilty due to insanity." He claimed he was pressured by his counsel to enter the guilty pleas and was insane. Responding to the plea change request in Farrell's letter, the court held a hearing on November 14, 1996. At that hearing, Farrell stated that he did not wish to change his pleas, but only wanted to add pleas of not guilty by reason of mental disease (NGI). The court did not order withdrawal of the guilty pleas and committed Farrell to a mental health institution for a determination on whether he was competent to proceed.

The mental health examiner concluded that Farrell suffered from the mental illness schizophrenia and was incompetent to proceed. The examiner also noted that as a result of a previous commitment by a court for incompetency, Farrell had been successfully treated with medication for this illness and restored to competency. The examiner believed that medication could once again restore Farrell's competency. At a subsequent competency hearing on February 14, 1997, the court responded to the mental health examiner's conclusions and declared Farrell both incompetent to proceed and incompetent to refuse medication.

Thereafter, the court found that Farrell's mental illness was successfully treated with medication and that he had regained competency. The court then stated that the case would proceed on the basis of Far-

rell's guilty pleas and scheduled a trial date for the NGI plea.

On June 20, 1997, Farrell moved the court to withdraw his NGI plea. At that time, he submitted a report from a mental health evaluation performed three days before that stated he was still competent. He requested that this evaluation be included in the record to support his request to withdraw his NGI pleas. The court granted the withdrawal of the NGI plea and then sentenced Farrell to seventy years in prison.

Next, Farrell moved the court to withdraw his guilty pleas. Supporting his motion, he argued that the court had developed a reason to doubt his competency when he pled guilty because the court had subsequently declared him incompetent. He contended that it did not matter when the court became aware of the reasons to doubt his competency; rather, even though doubts arose after the pleas were entered, the court must still inquire into whether he was competent at the time he entered the pleas. He did not present the court with any new evidence or testimony about his competency at the time he entered his pleas. The court denied the motion, concluding that Farrell had not met the burden of demonstrating that a manifest injustice would occur if he were not allowed to withdraw his pleas. Farrell appeals.

### DISCUSSION

■ Once sentenced, a defendant, seeking to withdraw a guilty plea, must demonstrate by clear and convincing evidence that the plea should be withdrawn to prevent a manifest injustice. *See State v. Washington*, 176 Wis. 2d 205, 213, 500 N.W.2d 331, 335 (Ct. App. 1993). A partial list of examples that would create a

manifest injustice are if: (1) a defendant does not personally enter or ratify the plea, and (2) the plea was involuntary. *See id.* at 214 n.2, 500 N.W.2d at 335. Admittedly, a defendant faces a high standard of proof before being allowed to disturb his or her plea. Such a high standard of proof is imposed on the defendant. because he or she has already waived his or her constitutional rights when entering the guilty plea, and the State has a great interest in ensuring that once a defendant is convicted, the conviction is final. *See id.* at 213, 500 N.W.2d at 335. If the allegations of manifest injustice are more than mere assertions and conclusory allegations, an evidentiary hearing will be had on the motion to withdraw the plea. *See id.* at 214–15, 500 N.W.2d at 335–36. In the present case, Farrell was granted such a hearing on his motion.

The essence of Farrell's appeal is that the events after his pleas were entered—Farrell going in and out of competency depending on whether he had taken the appropriate medications—amount to clear and convincing evidence that if he is unable to withdraw his pleas, a manifest injustice will occur. Although he concedes that no evidence of incompetency was before the court when he entered his pleas, he contends that because the court later determined him to be incompetent, the court had a reason to doubt whether he was competent at his October 10, 1996 plea hearing. Because the court did not reexamine his competency at the time of his pleas, he requests to withdraw his pleas and obtain a new trial.

■■■■ The determination of whether the request for a plea withdrawal has met the manifest injustice standard is a discretionary decision for the circuit court. *See State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d

707, 710 (1997). Because this was a decision under the circuit court's discretionary powers, we will only reverse should we determine that the exercise of discretion was erroneous. *See id.* We will conclude that appropriate discretion has been exercised if the court examined the relevant facts, applied a proper standard of law, used a demonstrative rational process, and reached a conclusion that a reasonable judge could reach. *See State v. Sullivan*, 216 Wis. 2d 768, 780–81, 576 N.W.2d 30, 36 (1998).

Farrell advocates that a trial court should examine a defendant's competency in prior proceedings if the court later determines the defendant to be incompetent. He urges that the subsequent incompetency declaration alone is sufficient reason to doubt the defendant's competency at the time of the previous proceeding. Because the determination of whether a reason to doubt competency is made from all the evidence presented to the court, we cannot agree.

■

In *State v. Weber*, 146 Wis. 2d 817, 827, 433 N.W.2d 583, 587 (Ct. App. 1988), we held that a prior mental illness is a relevant factor to consider when determining if a reason to doubt a defendant's competency exists. However, we stressed that a competency inquiry focuses on a defendant's ability at the time of the *present* proceeding, not on the defendant's competency at some point in the distant past. *See id.* "The test must be whether he [or she] has sufficient *present* ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether he [or she] has a rational as well as factual understanding of the proceedings against him [or her]." *Id.* (quoted source omitted). Likewise in this case, we conclude that a mental illness diagnosis or an incompetency determi-

nation made *subsequent* to the proceeding in question is a factor that may create a reason to doubt competency, but it does not categorically create a reason to doubt and necessitate a court to conduct a nunc pro tunc hearing. Rather, a defendant must present evidence to the court that such a hearing is necessary. The court considers *all* the factual evidence presented to it when determining whether a reason to doubt competency exists. *See id.* at 823, 433 N.W.2d at 585.

■ Not only has Farrell failed to offer any additional evidence that brings his competence at the time of his plea hearing into question, the record before the court indicated that he had the capacity to understand the nature and object of the proceedings against him when he entered his guilty pleas. At the plea hearing, Farrell was alert and responsive in his answers to the court. If he did not understand a particular question, he asked for a clarification from the court. Additionally, the court quizzed Farrell about his past mental health issues, and Farrell assured the court that he currently had no such problems that might affect his ability to understand what was happening at the hearing. Based on its first-hand observations and the factual evidence in the record, the court rationally concluded that Farrell was competent to enter his pleas.

Again, we reiterate that to withdraw a plea a defendant must present clear and convincing evidence that in the alternative, a manifest injustice would result. *See Washington*, 176 Wis. 2d at 213, 500 N.W.2d at 335. We simply do not find sufficient evidence present here to create a bona fide doubt as to Farrell's competency at his plea hearing. Therefore, we conclude that the circuit court properly exercised its discretion when denying Farrell's plea withdrawal request.

*By the Court.*—Judgment and order affirmed.